IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Gary Broughton, )
    Petitioner, )
     )
v. )     **1:10cv1355 (LO/TCB)**
     )
Harold W. Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Gary Broughton, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the County of Accomack, Virginia of one count of grand larceny and two counts of failing to register as a sex offender. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Broughton was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply. For the reasons that follow, Broughton's claims must be dismissed.

### I. Background

Broughton was convicted of rape and he was sentenced on March 3, 1998. Because of this conviction, he was required to register as a sex offender every ninety days. He was convicted of failure to register or re-register as a violent sex offender in 2005. Due to this conviction, Broughton was required to register or re-register every thirty days rather than every ninety days. See Cir. Ct. Tr., Aug. 16, 2007, at 7-8.

Broughton submitted an on-time registration on August 1, 2006, which was received by the Sex Offender Crimes Against Minors Registry on August 3, 2006. Id. at 8. The registrations

1

for September and October were not returned.[1]  The next registration that Broughton returned to the Registry was dated October 29 and was received November 6.  Id. at 9.

When Broughton heard that the police were looking for him, he went to the State Police area office.  As he came in, he said "yes, I know, I know I'm late, I know I'm late."  Broughton spoke to Trooper Kulick.  Id. at 10.

On February 25, 2007, Larry Byrd drove Broughton to Stuckey's to pick up food that Broughton had ordered.  Broughton went inside alone.  Jennifer Mason and Catherin Pettit were working there that night, and they knew Broughton because he came in regularly.  Broughton told Mason, who was working the cash register, that he wanted a strawberry blunt.  See id. at 12. Mason told Broughton that it cost 98 cents.  When she hit the button to open to cash drawer, Broughton "[dove] in to grab all the currency he [could] from the open drawer."  Id. at 13. Mason grabbed some of the money back, but Broughton got away with the rest.  After Broughton was gone, Mason saw a piece of paper on the counter that said "Don't get stupid s-t-u-p-i-d.  Just give me the twenties money and won't no one get hurt.  I have a gun."  Id.

Broughton got back into Byrd's car and they drove away.  Broughton started counting money and Byrd became suspicious.  Broughton tells Byrd "it's my money."  Id. at 14.  After dropping Broughton off, Byrd returned to Stuckey's to find out what happened.  He explained to police officers that he did not know anything about it and came back to Stuckey's as soon as it was done.  Mason and Pettit both looked through photo ID's and identified the defendant.  Id. Broughton had left Stuckey's with $75.  Id. at 15.

---

[1] The letter and notice that the State Police sent to Broughton apparently indicated that he had to register every ninety days.  See Cir. Ct. Tr., Aug. 16, 2007, at 11.

Broughton told the police that he was with his baby's mother on February 25 and had nothing to do with a robbery. Mason received a letter from Broughton dated April 19, 2007, in which he explained that he wanted to apologize to her. Id.

In the Circuit Court for the County of Accomack on August 16, 2007, Broughton was convicted pursuant to a guilty plea of one count of grand larceny from the person and two counts of failing to register as a sex offender. Commonwealth v. Broughton, Case Nos. 07CR012, 07CR141. On January 10, 2008, the court sentenced him to five years for each of his convictions of failure to register with three years of supervised release and twenty years for the conviction of grand larceny with all but five years suspended, to be served concurrently. See Sent. Order at 1-4, ECF No. 8-1. In the same court on January 17, 2008, Broughton was found to be in violation of the terms of his suspended sentence for a previous conviction of rape. The court revoked twenty-five years of his previous sentence for rape, then suspended all but twelve years of that sentence. Id. at 5-6.

Broughton pursued a direct appeal to the Court of Appeals of Virginia, arguing that the trial court abused its discretion at sentencing. The Court of Appeals denied the petition for appeal on September 4, 2008. Broughton v. Commonwealth, R. No. 0838-08-1 (Va. Ct. App. Sept. 4, 2008), ECF No. 8-3. On March 11, 2009, the Supreme Court of Virginia refused Broughton's petition for appeal. Broughton v. Commonwealth, R. No. 081945 (Va. March 11, 2009), ECF No. 8-6.

Broughton then filed a petition for writ of habeas corpus in the Circuit Court for the County of Accomack, claiming

> (A) counsel was ineffective because he (1) advised Broughton to plead guilty to failing to register as a sex offender even though counsel knew that the state police had not properly notified Broughton of his duty to register, and (2) failed to properly investigate the charges against Broughton and failed to file

a motion for discovery relating to the charges of failing to register as a sex offender.

(B) Counsel was ineffective because he (1) failed to object to the court's reinstatement of Broughton's suspended sentence during the revocation proceeding, (2) lied to Broughton and said he would move to exclude the introduction of his previously suspended sentence, but then failed to object.

(C) Counsel was ineffective for failing to object on double jeopardy grounds when his suspended sentence for rape was revoked.

(D) Counsel was ineffective because he failed to adequately consult with Broughton before trial.

The court dismissed the petition on December 3, 2009. <u>Gary A. Broughton v. Gene M. Johnson</u>, Case No. 09CL432, ECF No. 8-7. Broughton appealed to the Supreme Court of Virginia, which refused the appeal on June 7, 2010. <u>Gary A. Broughton v. Gene M. Johnson</u>, R. No. 100451, ECF No. 8-8. Broughton filed a petition for rehearing, which was dismissed as untimely filed on September 22, 2010. <u>Gary A. Broughton v. Gene M. Johnson</u>, R. No. 100451, ECF No. 8-9.

On November 16, 2010, Broughton filed the instant federal habeas petition, arguing that

(1) He received ineffective assistance of counsel when his attorney advised him to enter a guilty plea for failing to register as a sex offender even though counsel was aware that Broughton was never notified of any change in his registration requirements.[2]

(2) He received ineffective assistance of counsel when his attorney failed to object to the reinstatement of his previously suspended sentence.

(3) He received ineffective assistance of counsel when his attorney failed to object to the reinstatement of his previously suspended sentence on double jeopardy grounds.

(4) He received ineffective assistance of counsel when his attorney failed to make consultation visits to Broughton at jail.

---

[2] Broughton states that "the petitioner accepts his guilty plea to the charge of grand larceny [b]ut the petitioner withdraw[s] his guilty pleas to failure to register...." <u>See</u> Pet. at 11, ECF 1-2.

(5) The Accomack County Circuit Court and the Virginia Supreme Court erred by refusing Broughton's request for a subpoena duces tecum to grant access to state police records.

(6) The Accomack County Circuit Court and the Virginia Supreme Court erred by ignoring Broughton's request for a subpoena duces tecum upon the Accomack County Regional Jail log book.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

A. Claims (1), (2), (3), and (4):  Ineffective Assistance of Counsel

Broughton argues his attorney provided ineffective assistance when his attorney (1) advised him to enter a guilty plea for failing to register as a sex offender, (2) failed to object to the reinstatement of his previously suspended sentence, (3) failed to object to the reinstatement of his previously suspended sentence on double jeopardy grounds, and (4) failed to make consultation visits to Broughton at jail. The circuit court rejected these claims on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). In reviewing the state court's decisions as to these claims, Broughton fails to show that the results were either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail, a petitioner "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence

6

demanded of attorneys in criminal cases." Id. at 58-59.  With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

1. Claims (1) and (4): Counsel's Actions Prior to the Guilty Plea

In claim (1), Broughton argues that his attorney was ineffective by advising Broughton to enter a guilty plea for failing to register as a sex offender even though counsel was aware that Broughton was never notified of any change in his registration requirements.  The circuit court rejected this claim on the merits, reasoning that Broughton failed to demonstrate why he should not be bound by the representations he made at his plea colloquy. See Cir. Ct. Order at 6-7, ECF No. 8-7 (citing Anderson v. Warden, 281 S.E.2d 885, 888 (Va, 1981)).  In the alternative, the court held that Broughton had failed to satisfy the performance prong of the Strickland standard

for this claim because the statute plainly required Broughton to register every thirty days due to his prior conviction. The court therefore reasoned that it did not matter if Broughton did not know that his failure to register every thirty days was a crime because "ignorance of the law is no excuse." See Cir. Ct. Order at 6-7, ECF No. 8-7 (citations omitted).[3]

In claim (4), Broughton argues that his attorney was ineffective because he failed to make consultation visits to Broughton at jail. The circuit court also rejected this claim on the merits and reasoned that Broughton failed to demonstrate why he should not be bound by the representations he made at his plea colloquy. See Cir. Ct. Order at 10, ECF No. 8-7 (citing Anderson, 281 S.E.2d at 888). In the alternative, the court held that Broughton had failed to satisfy the performance prong of the Strickland standard for this claim because he "failed to demonstrate why additional preparation was necessary or would have resulted in a different outcome at trial." Id. at 11.

The circuit court's decisions to reject claims (1) and (4) because Broughton failed to demonstrate why he should not be bound by the representations he made at his plea colloquy were not contrary to clearly established federal law. That requirement fits within the reasoning of the United States Supreme Court case Blackledge and is also in line with the Fourth Circuit case Beck. Additionally, the court specifically relied on the Strickland standard to reach its alternative holdings. The decisions were therefore not contrary to federal law because the circuit court clearly did not "arrive[] at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or ... decide[] a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. The circuit court also reasonably applied those principles to the facts of Broughton's case, and

---

[3] The court also noted that the evidence "does not support petitioner's contention that he was unaware that he had to register every 30 days." See Cir. Ct. Order at 7, ECF No. 8-7

Broughton has not presented clear and convincing evidence that the state court's factual findings as to claims (1) and (4) were incorrect. See Miller-El, 545 U.S. at 240. Therefore, claims (1) and (4) will be dismissed.

## 2. Claims (2) and (3): Counsel's Actions at the Revocation Hearing

In claims (2) and (3), Broughton argues that his attorney was ineffective for (2) failing to object to the reinstatement of his previously suspended sentence, and (3) failing to object to the reinstatement of his previously suspended sentence on double jeopardy grounds. The circuit court rejected these claims by recognizing that Broughton was not entitled to counsel at his revocation hearing. See Cir. Ct. Order at 6-7, ECF No. 8-7 (citing Gagnon v. Scarpelli, 411 U.S. 778 (1973) (holding that a probationer is entitled to a revocation hearing, but that due process does not require the appointment of counsel for that hearing unless counsel would be necessary to ensure fundamental fairness)).

The circuit court specifically cited to the standard from Gagnon to decide claims (2) and (3), so its decisions to reject these claims were not contrary to clearly established federal law. See Williams, 529 U.S. at 413. The court noted that a petitioner's ineffective assistance claims cannot succeed unless the petitioner was entitled to counsel at the relevant proceeding. See Cir. Ct. Order at 7, ECF No. 8-7. The court further recognized that counsel need only be provided at a revocation hearing if the probationer makes a "timely and *colorable* claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, *and* that the reasons are complex or otherwise difficult to develop or present." See id. 6-7 (citing Gagnon, 411 U.S. at

791 (emphasis added)).  Using this standard, the circuit court held that Broughton had not demonstrated that he was entitled to counsel at his revocation hearing because Broughton had received a new conviction that was a matter of public record, the issues for the revocation hearing were not complex, and Broughton had not made a colorable claim that he had not violated the terms of his probation.  This decision was manifestly a reasonably application of Gagnon's principles to the facts of Broughton's case, and Broughton has not offered clear and convincing evidence to rebut the circuit court's relevant factual findings.  See Miller-El, 545 U.S. at 240.  Therefore, claims (2) and (3) will be dismissed.[4]

B. State Court Error:  Subpoena Duces Tecum

Broughton also argues that the Accomack County Circuit Court and the Virginia Supreme Court erred by (5) refusing Broughton's request for a subpoena duces tecum to grant access to state police records, and (6) ignoring Broughton's request for a subpoena duces tecum upon the Accomack County Regional Jail log book.[5]  Specifically, Broughton argues that the Accomack County Circuit Court and the Virginia Supreme Court violated his rights to equal protection and due process by ignoring these requests.  See Pet. at 13, ECF 1-2.

In Virginia, "[a] habeas petitioner is not entitled to conduct discovery depositions as a matter of right."  See Yeatts v. Murray, 455 S.E.2d 18, 21 (Va. 1995) (recognizing that Virginia Rule 4:1(b)(5) "gives the habeas court discretion to grant or deny discovery").  Similarly, in federal court, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled

---

[4] Notably, the circuit court held in the alternative that Broughton's arguments for claims (2) and (3) failed to satisfy either prong of the Strickland standard.  See Cir. Ct. Order at 9, ECF No. 8-7. These holdings were also not contrary to, or an unreasonable application of, federal law, or based on an unreasonable determination of the facts.

[5] Broughton filed a "Combined Motion for Subpoena Duces Tecum and Production of Documents for Inspection" in the Circuit Court for Accomack County when his habeas petition was pending, see Mot. at 1, ECF No. 8-11, and then raised these claims in his petition for appeal to the Supreme Court of Virginia.  See Brief at 18 n.4, ECF No. 8.

to discovery as a matter of ordinary course." See Bracy v. Gramley, 520 U.S. 899, 904 (1997). Broughton argues that he should have been granted access to these documents so that he could prove his claims of ineffective assistance. Nevertheless, even if Broughton had a basis for arguing that he was entitled to discovery in his state habeas proceedings, the documents he requested would not have provided any support for his ineffective assistance claims. As recognized by the circuit court, Broughton could not satisfy the performance prong of the Strickland standard as to claim (1) even if he could prove that he did not know he had to register every thirty days, nor could he satisfy the performance prong as to claim (4) even if he could prove that his attorney only visited him twice for fifteen minutes each visit. Broughton has therefore failed to demonstrate that the state courts' refusal to grant him discovery in his state habeas proceedings violated his due process or equal protection rights, and claims (5) and (6) will be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this ___31st___ day of ___August_____ 2011.

Alexandria, Virginia

11